FORET, Judge.
Plaintiffs, Robert Donald Gentry and William D. Spiers, brought suit against defendant, Michael S. Pinksa, to collect defendant’s virile share of a promissory note the three men had executed as co-makers. By way of defense, defendant claimed that plaintiffs had released him from any obligation on the note in exchange for his stock in a closely-held corporation that the three men had established. The trial court rendered judgment in favor of plaintiffs, casting defendant for $16,666 representing the principal on the note, $2,415.30 in interest, and $4,770.49 in attorney’s fees, plus legal interest from January 5, 1982. Defendant has appealed.
This appeal presents us with two issues:
(1) Whether the trial court erred in excluding from evidence the tax returns of one of the plaintiffs and in curtailing defendant’s cross-examination of plaintiffs.
(2) Whether, provided that it was error for the trial court to exclude the evidence, was it harmless error.
FACTS
Plaintiffs, Robert Donald Gentry and William Spiers, and defendant, Michael Pinksa, formed a business to operate a water slide in Lafayette, Louisiana. The business was incorporated as Sky Rapids of Lafayette, Inc. with each of the three men owning one-third of the stock. The stock certificates were issued on April 6, 1981.
In order to finance their venture, plaintiffs and defendant entered into a personal loan with the First National Bank of Lafayette for $50,000 and signed a promissory note as co-makers. On September 8, 1981, the three men executed another note which was a renewal of this obligation. This note was for $50,000 with interest at the rate of Chase Manhattan Bank’s prime rate, plus 1%, floating, floor 14%, adjusted monthly, payable on or before July 1, 1982. From September 8, 1981, to July 1, 1982, plaintiffs made interest payments on the note totalling $7,245.90. Defendant made no payments of interest. On June 30, 1982, plaintiffs, Gentry and Spiers, paid the note in full and received a notarial endorsement and assignment of the promissory note.
The corporation, Sky Rapids of Lafayette, Inc., opened for business in July of 1981 and only operated the slide that summer. During that period of time, plaintiff Spiers and defendant Pinksa, apparently, managed the day-to-day operations of the *95 corporation. At the end of August, 1981, defendant Pinksa left Lafayette and went back to Fort Worth, where he had previously made his home. Spiers testified that somewhere around November of 1981, the corporation ran out of cash, and it was necessary for the shareholders to put more money into the corporation. When Spiers contacted defendant, defendant informed him that he no longer wanted to participate in the venture. Sometime after this, defendant met with Mr. Spiers, at which time he signed a letter resigning as an officer of the corporation, endorsed his stock certificate in blank, and handed it over to Spiers. It was during this meeting that defendant claims he entered into an oral agreement whereby he would not be liable for any debts arising out of the Sky Rapids of Lafayette venture, including the note with the First National Bank of Lafayette. Plaintiff Gentry was not present at the meeting and did not, himself, have any discussion with defendant concerning the release of defendant from his obligation on the note. Pinksa testified that, at the meeting, it was agreed that in return for his transferring his shares of stock in the corporation to plaintiffs, they would release him from any liability on the note with First National Bank of Lafayette.
The 1981 tax return of the corporation, which was prepared by defendant and signed by plaintiff Spiers as President of the corporation, shows that the corporation was a Sub-Chapter S corporation. It also indicates that from April 6, 1981, until October 1, 1981, plaintiffs and defendant were each one-third owners of the corporation’s stock, but that from October 1, 1981, until the end of 1981, plaintiffs were one-half owners of the stock.
Defendant contends that the trial court erred on a number of occasions when it excluded evidence. One item of evidence excluded by the trial judge was the personal tax returns of plaintiff Gentry. Defendant sought to introduce these returns from the years 1981 and 1982 to show that Gentry had claimed one-half ownership of the stock of Sky Rapids of Lafayette, Inc. after October 1,1981, and, accordingly, benefited from deductions of a larger percentage of the losses of the Sub-Chapter S corporation. In addition, on a number of occasions the trial court prevented the defendant from eliciting testimony from plaintiffs relative to the tax benefit which accrued to them as a result of the transfer of defendant’s stock. The trial court excluded this evidence, holding that it was irrelevant and beyond the pleadings. We feel that the trial court erred in so doing.
The excluded evidence was clearly material and relevant. In his answer, defendant had alleged as an affirmative defense that in exchange for the transfer of his stock, plaintiffs had agreed to release him from his obligation on the note with the First National Bank of Lafayette. In order to prove his allegations, defendant needed to show that the agreement existed, and that he had, in fact, transferred his stock to plaintiffs. Several times at the trial of this matter, plaintiffs denied that defendant’s shares had ever been transferred to them. The tax returns of Gentry, if they indeed showed that he claimed one-half ownership of the stock of the corporation after October 1, 1981, would have tended to show that a transfer of defendant’s stock to plaintiffs had occurred. Also, evidence showing that plaintiffs derived some tax benefit from the transfer of the stock tended to support defendant’s claim of a release in that it provided evidence that plaintiffs had received some consideration for their alleged release of defendant from his obligation on the note. No claim has been made that the introduction of the excluded evidence would have prejudiced plaintiffs in any fashion, nor can we foresee any such possibility. Accordingly, we feel that the trial court erred in excluding this evidence.
Having decided that the trial court erred in excluding this evidence, the question before us is whether the error was harmless and did not affect the merits. See Naquin v. Maryland Casualty Company, 311 So.2d 48 (La.App. 3 Cir.1975), writ refused, 313 So.2d 598 (La.1975); Shows v. Williamson, 256 So.2d 688 (La.App. 2 Cir.1972), writ refused, 261 La. 231, 259 So.2d 76 *96 (1972). We find that the trial court’s error was not harmless.
Defendant had alleged an oral agreement to the effect that plaintiffs would release him from his liability on the note in consideration of his transfer of stock. Because of the lack of any written agreement, the trial court’s decision hinged almost, if not entirely, on the credibility of the parties. Under the circumstances, the excluded evidence which would have tended to corroborate defendant’s version of the events surrounding his resignation from the corporation was crucial. The decision of the trial court to exclude this evidence denied defendant any chance to corroborate his allegation that he had been released from the debt on the note. The trial court’s error in excluding this evidence was not harmless, and we will remand this case for the trial court to receive the excluded evidence and reconsider the case on the merits.
DECREE
For the foregoing reasons, the judgment of the trial court is reversed, and this case is remanded for further proceedings in conformity with this opinion.
All costs are to await final disposition of this matter.
REVERSED AND REMANDED.